UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
JOSEPH COLON,

                                Plaintiff,

    -against-

THE CITY OF NEW YORK, DET. KHALED MOHASSIB,
Shield No. 21590, Individually and in his Official Capacity,
and SGT. JOHN TODARO, Shield No. 5234, Individually
and in his Official Capacity,

                                 Defendants.
-------------------------------------------------------------------------X

**AMENDED COMPLAINT**

**14-CV-3703 (RRM) (RML)**

**JURY TRIAL DEMANDED**

Plaintiff, JOSEPH COLON, by and through his attorneys, **LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC**, as and for his Complaint, respectfully alleges, upon information and belief:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States of America.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

1

3. Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343, and 1367.

## VENUE

4. Venue is properly laid in the Eastern District of New York under U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff, JOSEPH COLON, is, and has been at all relevant times, a resident of the City and State of New York.

7. Defendant, THE CITY OF NEW YORK, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant, THE CITY OF NEW YORK, maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, THE CITY OF NEW YORK.

9. At all times hereinafter mentioned, the individually named defendants were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. At all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules,

regulations, laws, statutes, customs, usages and/or practices of the State or CITY OF NEW YORK.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant, THE CITY OF NEW YORK.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant, THE CITY OF NEW YORK.

## FACTS

13. On or about March 15, 2012, at approximately 4:00 a.m., plaintiff JOSEPH COLON was lawfully present in his home at 2926 West 25th Street, Apt. 1012D in the County of Kings and State of New York.

14. At that time and place, the individually named officers burst through the plaintiff's front door with their guns drawn.

15. The officers then secured the plaintiff and conducted a full search of the premises, uncovering no evidence that the plaintiff had engaged in any criminal or unlawful activity, whatsoever.

16. The defendant officers thereafter placed plaintiff in handcuffs with his hands secured tightly behind his back.

17. At no time on March 15, 2012 did plaintiff commit any crime or violation of law.

18. At no time on March 15, 2012 did defendants possess probable cause to arrest plaintiff.

19. At no time on March 15, 2012 did defendants possess information that would lead a reasonable officer to believe probable cause existed to arrest plaintiff.

20. At no time on March 15, 2012 did defendants posses probable cause, privilege, or consent, or, upon information and belief, a warrant, to search the plaintiff's' residence.

21. Defendants thereafter transported plaintiff to a nearby police precinct.

22. In connection with plaintiff's arrest, the defendants filled out false and/or misleading police reports and forwarded them to prosecutors at the Kings County District Attorney's Office.

23. As a result of the defendants' conduct, the plaintiff was charged with Criminal Possession of Marijuana in the Fourth Degree, Criminal Possession of a Weapon in the Fourth Degree, Unlawful Possession of Marijuana, Criminal Possession of Marijuana in the Fifth Degree and unlawful possession of a firearm.

24. Thereafter, defendants repeatedly gave false and misleading testimony regarding the facts and circumstances of plaintiff's arrest.

25. Specifically, defendants falsely, knowingly, and maliciously alleged that plaintiff possessed and/or used firearms and that plaintiff possessed and/or used drug paraphernalia.

26. As a direct result of the unlawful arrest and the unlawful acts of the defendants, plaintiff spent approximately 48 hours in custody.

27. Additionally, as a direct result of the defendants' unlawful actions, plaintiff spent approximately three months making court appearances.

28. Despite defendants' actions, all charges against plaintiff, JOSEPH COLON, were dismissed on December 18, 2012  .

29. As a result of the foregoing, plaintiff JOSEPH COLON sustained, *inter alia*, mental anguish, shock, fright, apprehension, embarrassment, humiliation, and deprivation of his constitutional rights.

30. Plaintiff repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

31. All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

32. All of the aforementioned acts deprived plaintiff, JOSEPH COLON, of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and were therefore in violation of 42 U.S.C. §1983.

33. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers with all the actual and/or apparent authority attendant thereto.

34. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and rules of THE CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

35. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

### FIRST CLAIM FOR RELIEF FOR
### FALSE ARREST UNDER 42 U.S.C. § 1983

36. Plaintiff repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

37. As a result of the defendants' conduct, plaintiff was subjected to illegal, improper and false arrest, taken into custody, and caused to be falsely imprisoned, detained, and confined without probable cause, privilege, or consent.

38. As a result of the foregoing, plaintiff's liberty was restricted, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints, without probable cause.

### SECOND CLAIM FOR RELIEF
### FOR UNLAWFUL SEARCH UNDER 42 U.S.C. § 1983

39. Plaintiff, JOSEPH COLON, repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

40. Plaintiff was subjected to a thorough and complete search of his home without privilege, consent, probable cause, or, upon information and belief, a validly obtained warrant.

41. As a result of the foregoing, plaintiff, JOSEPH COLON, was subjected to an unreasonable and intrusive search in violation of his right to be free from unreasonable search, as secured by the Constitution of the United States.

### THIRD CLAIM FOR RELIEF
### FOR MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983

42. Plaintiff, JOSEPH COLON, repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

43. Defendants arrested and incarcerated plaintiff, JOSEPH COLON, in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said arrest and incarceration would jeopardize plaintiff's liberty, well-being, and safety, and violate his constitutional rights.

44. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials with all the actual and/or apparent authority attendant thereto.

45. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of THE CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

46. Those customs, policies, patterns, and practices include, but are not limited to:

   i. requiring officers to make a predetermined number of arrests and/or issue a predetermined number of summonses within a predetermined time frame;

   ii. requiring precincts to record a predetermined number of arrests and/or issue a predetermined number of summonses within a predetermined time frame;

   iii. failing to take any measures to correct unconstitutional behavior when brought to the attention of supervisors and/or policy makers;

   iv. failing to properly train police officers in the requirements of the United States Constitution; and

   v. executing search warrants obtained through knowingly false and misleading information and representations.

47. The aforesaid customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department directly cause, *inter alia*, the following unconstitutional practices:

    i. arresting individuals regardless of probable cause in order to inflate the officer's arrest statistics;

    ii. arresting individuals regardless of probable cause in order to affect precinct-wide statistics;

    iii. falsifying evidence and testimony to support those arrests;

    iv. falsifying evidence and testimony to cover up police misconduct; and

    v. applying for, obtaining, and executing search warrants based on knowingly false and misleading information.

48. The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department evidence a deliberate indifference to the safety, well-being and constitutional rights of plaintiff, JOSEPH COLON.

49. The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff as alleged herein.

50. The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiff as alleged herein.

51. As a result of the foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department, plaintiff was incarcerated unlawfully.

52. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of plaintiff.

53. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of plaintiff's constitutional rights.

54. All of the foregoing acts by defendants deprived plaintiff of federally protected constitutional rights, particularly their Fourth and Fourteenth Amendment rights to be free from unreasonable search and seizure.

**WHEREFORE**, the plaintiff respectfully requests judgment against defendants as follows:

    i. an order awarding compensatory damages in an amount to be determined at trial;

    ii. an order awarding punitive damages in an amount to be determined at trial;

    iii. reasonable attorneys' fees and costs under 42 U.S.C. §1988; and

    iv. directing such other and further relief as the Court may deem just and proper, together with attorneys' fees, interest, costs and disbursements of this action.

Dated: New York, New York
March 17, 2015

Respectfully submitted,

**LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC**
*Counsel for the Plaintiff*


By:   MATTHEW SHROYER (MS-6041)
80 Maiden Lane, 12th Floor
New York, New York 10038
(212) 962-1020

DOCKET NO.14-CV-3703 (RRM) (RML)
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JOSEPH COLON,

                      Plaintiff,

-against-

THE CITY OF NEW YORK, DET. KHALED MOHASSIB, Shield No.21590, Individually and in his Official Capacity, and SGT. JOHN TODARO, Shield No. 5234, Individually and in his Official Capacity,

                      Defendants.

## AMENDED SUMMONS AND COMPLAINT

### LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC
*Attorneys for Plaintiff*
**80 Maiden Lane, 12th Floor**
**New York, New York 10038**
**(212) 962-1020**

TO:   THE CITY OF NEW YORK
       c/o New York City Law Dept
       100 Church Street
       New York, New York 10007
       Attn: Ariel Lichterman, Esq.

       Det. Khaled Mohassib, Shield No. 21590
       c/o New York City Police Dept-60th Precinct
       2951 West 8th Street
       Brooklyn, New York 11224

       Sgt. John Todaro, Shield No. 5234
       c/o New York City Police Dept-60th Precinct
       2951 West 8th Street
       Brooklyn, New York 11224

Pursuant to 22NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of the State of New York, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.

                                                            Matthew Shroyer